# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 514 | DATE | 7/15/2004 |
| CASE TITLE | STANLEY BAFIA, et al vs. PHILLIP MARION, e al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to transfer venue pursuant to 28 U.S.C. Section 1404(a) to the U.S. District Court for the District of New Jersey [doc. no. 8-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| CG | courtroom deputy's initials | 2004 JUL 15 PM 4:53 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STANLEY BAFIA and E.S. WINDOWS, INC., | **DOCKETED** |
| | JUL 1 6 2004 |
| Plaintiffs, | 04 C 514 |
| v. | Judge Ronald A. Guzmán |
| PHILLIP MARION and HARRIS AND STANLEY MANUFACTURING CO., INC., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This action based on diversity jurisdiction is before the Court on Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey. For the reasons that follow, Defendants' motion is denied.

## BACKGROUND

The complaint alleges the following facts. Plaintiff Stanley Bafia is the president and owner of Plaintiff E.S. Windows, Inc. Bafia is an Illinois resident, and E.S. Windows is an Illinois corporation. Bafia is also a minority (45%) owner of Defendant Harris and Stanley Manufacturing Co., Inc. ("Harris"). Defendant Phillip Marion is the president and majority owner (55%) of Harris. Marion is a New Jersey resident, and Harris is a New Jersey corporation.

E.S. Windows is a window installation company, and Harris is a window manufacturer. E.S. Windows is the largest customer of Harris. In 2001, 2002, and 2003, E.S. Windows deposited money on a regular basis to Harris's bank account in New Jersey to provide Harris with needed

12

capital to continue operations. As E.S. Windows ordered windows from Harris, the costs of the orders were to be deducted from these regular deposits. Any excess deposited amounts were to be refunded to E.S. Windows at the end of each year.

The complaint alleges that the excess deposits were not in fact refunded to E.S. Windows, and Bafia further alleges that Defendants have failed to pay him his 45% share of Harris's profits. Plaintiffs seek monetary damages against Harris for breach of contract and unjust enrichment; equitable and monetary damages against Marion for breach of fiduciary duties; and an accounting and inspection of books and records under the New Jersey Business Corporation Act.

## DISCUSSION

Defendants have moved to transfer this action to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1]

Because determining whether transfer is appropriate is made on a case-by-case basis and "involves a large degree of subtlety and latitude," it is "committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). In analyzing whether transfer is convenient under § 1404(a), courts are directed to consider both private and public interests. Private interests, *i.e.*, the interests of the parties, include: "(1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the

---

[1] The parties do not dispute that venue is proper in both this district and the District of New Jersey.

2

convenience of the parties, and (5) the convenience of the witnesses." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). The analysis of public interests "'focuses on the efficient administration of the court system, rather than the private considerations of the litigants.'" *Id.* at 961. Public interests "include[] such considerations as the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Id.* at 961-62.

The movant has the burden of proving that "the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219-20; *see Sitrick v. Freehand Sys., Inc.*, No. 02 C 1568, 2003 WL 1581741, at *2 (N.D. Ill. Mar. 27, 2003) ("[The movant] 'bears a heavy burden to show that the inconvenience of the parties and witnesses and the dictates of justice are substantial enough to overcome the presumption in favor of Illinois courts.") (citation omitted); *Sec. & Exch. Comm'n v. Barzilay*, No. 99 C 5023, 2001 WL 127367, at *2 (N.D. Ill. Feb. 14, 2001) (noting that the movant must "properly and convincingly demonstrate" that transfer is warranted).

## A. **Private Factors**

### 1. **Plaintiff's Choice of Forum and Situs of Material Events**

The plaintiff's choice of forum is generally given substantial weight, and the presumption in favor of the plaintiff's choice "'may be overcome only when the private and public interest factors clearly point toward trial in the alternative forum.'" *Barzilay*, 2001 WL 127367, at *2 (quoting *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982)); *see also In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)) ("'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. . . . Rarely, however, is not never.'"). Deference to the plaintiff's choice of

3

forum is minimized where it is neither the plaintiff's home forum nor the situs of material events. *See Coleman v. Buchheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *1 (N.D. Ill. Mar. 22, 2004); *see also Sitrick*, 2003 WL 1581741, at *2 (noting that less deference is given to the plaintiff's choice of forum "when it lacks any significant contact with the underlying forum").

Defendants argue that Plaintiffs' choice of their home forum should not be given any weight in this case because the material events occurred in New Jersey, not Illinois. Specifically, Defendants argue that the window purchase contracts were accepted and therefore formed in New Jersey, the funds were deposited into Harris's bank account and were allegedly withheld in New Jersey, and the windows were sold in New Jersey. Plaintiffs respond that the contracts were accepted in Illinois, the pricing was negotiated in both Illinois and New Jersey, and defendant Marion visited job sites in Illinois to review the projects.

Because the record is not fully developed on the issue, the Court declines to conclude definitively whether or not the contracts were formed in Illinois or New Jersey. In any case, it appears that the majority of material events likely occurred in New Jersey, which weighs in favor of transfer. *See Hinc v. Lime-O-Sol Co.*, 231 F. Supp. 2d 795, (N.D. Ill. 2002) (holding that the relevant situs of material events was the state in which the contract was or was not performed). However, because Plaintiffs' choice of forum is their home district and not a forum to which they have no connection, their choice to litigate the matter in the Northern District of Illinois is nevertheless given some weight in the overall convenience analysis.

### 2. Access to Proof

Defendants admit that the majority of books and financial records relevant to this case have already been copied and transferred to Illinois. They argue, however, that the sources of proof are

more readily available in the District of New Jersey because the original corporate and financial documents are located at Harris's primary place of business in Paterson, New Jersey, and at the offices of its accountants in Warwick, New York.

This is not a case in which the parties need access to non-documentary proof located in another forum. *Cf. Amoco Oil Co.*, 90 F. Supp. 2d at 961 (finding that in an environmental cleanup action, an analysis of the property may be necessary). Moreover, Defendants do not dispute that the relevant documents can be made available in Illinois. *See Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 833 (N.D. Ill. 1999) (holding that access to proof is a neutral factor where documents can easily be brought into either district). Defendants have not demonstrated that the original documents have any special relevance in this case such that the trial must occur in the district where the originals are located. Therefore, this factor is neutral as to the parties' convenience.

### 3. Convenience of the Parties

As Defendants acknowledge, it is always more burdensome for a party to litigate outside its home forum. But Defendants have offered no reason why the Court should transfer this burden to Plaintiffs. *See Coleman*, 2004 WL 609369, at *3 ("[A] defendant cannot use a motion to transfer simply to 'shift the one party's inconvenience onto another party."). Defendants argue that because Plaintiffs invested in Harris, demonstrating the ability to finance one of their suppliers, "[i]t necessarily follows" that Plaintiffs have a greater ability to finance out-of-state litigation than Defendants have. (Mot. Transfer at 7.) The relative financial abilities of the parties can be relevant to the issue of the parties' convenience, *see Sitrick*, 2003 WL 1581741, at *4, but Defendants' conclusory argument alone is insufficient to demonstrate that transfer would be substantially more convenient. Therefore, this factor does not weigh in favor of or against transfer.

4. **Convenience of Witnesses**

The convenience of witnesses has often been described as the most important factor in the § 1404(a) analysis. *See, e.g., Coleman*, 2004 WL 609369, at *2. In determining whether transfer would be more convenient to witnesses, courts consider "'the availability of compulsory process for the attendance of unwilling witnesses and the costs of obtaining the attendance of the witnesses.'" *Biomet, Inc. v. Stryker Howmedica Osteonics Corp.*, No. 03 C 6491, 2004 WL 769358, at *6 (N.D. Ill. Apr. 9, 2004) (quoting *Von Holdt v. Husky Injection Molding Sys., Ltd.* 887 F. Supp. 185, 188 (N.D. Ill. 1995)). In addition, the court must "look to the nature and quality of the witnesses' testimony with respect to the issues of the case." *See Coleman*, 2004 WL 609369, at *2.

Defendants argue that transfer is warranted for the convenience of witnesses because the majority of witnesses listed in the parties' initial disclosures are located in New Jersey and New York. The initial disclosures reveal the following potential witnesses: Bafia; Marion; Mr. Alario, Harris's accountant in New York; and agents of two banks, the locations of which are not specified by the parties but are presumably in New Jersey.

The convenience of Bafia and Marion is clearly not relevant to this analysis, because they are parties. *See Biomet*, 2004 WL 769358, at *6. The convenience of the other witnesses cannot be readily discerned, because Defendants have failed to describe the nature and quality of the proposed witnesses' testimony and/or whether they would be unwilling to testify in Illinois. *See Sage Prods., Inc. v. Devon Indus., Inc.*, 148 F.R.D. 213, 216 (N.D. Ill. 1993) (commenting that transfer may be justified where witnesses outside the district's subpoena power are likely to be unwilling to testify voluntarily).

As in this case, when an analysis of the parties' and witnesses' convenience reveals little evidence weighing for or against transfer, "deference is generally given to the plaintiff's choice of forum." *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, No. 02 C 7491, 2003 WL 22012203, at *4 (N.D. Ill. Aug. 22, 2003) (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002)).

## B. Public Factors

The interest of justice is analyzed separately from private factors "and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220.

### 1. Speed to Trial

According to the Federal Judicial Caseload Statistics dated March 21, 2003, the median time between filing and disposition is 7.3 months in the District of New Jersey and 5.1 months in the Northern District of Illinois. The median time between filing and trial is 28.7 months in the District of New Jersey and 23.7 months in the Northern District of Illinois. Defendants argue that the differences between the two forums are insignificant.[2] However, while the differences in the speed of litigation in the Northern District of Illinois and the District of New Jersey may not be substantial, they nevertheless weigh slightly against transfer. *See Sitrick*, 2003 WL 1581741, at *5.

### 2. Familiarity with Applicable Law

Defendants maintain that this case should be transferred because courts in the District of New Jersey are more familiar with New Jersey corporate law, which is the basis of Plaintiffs' accounting

---

[2] Defendants' motion cited 2002 statistics, which are not appreciably different from the 2003 statistics.

7

claim, and New Jersey contract law, which governs Plaintiffs' breach of contract claims pursuant to Illinois choice of law principles.

As a general rule in diversity cases, it is "advantageous to have federal judges try a case who are familiar with the applicable state law." *Coffey*, 796 F.2d at 221. However, "where the law in question is neither complex nor unsettled, the interests of justice remain neutral between competing courts." *Sitrick*, 2003 WL 1581741, at *5; *see also Amoco Oil Co.*, 90 F. Supp. 2d at 962 (noting that "contract law is not particularly complex" and is well within the comprehension of a foreign forum).

The Court need not determine at this stage whether New Jersey law will in fact apply to the breach of contract claims, because Defendants have not demonstrated that New Jersey contract law is so complex that this Court could not apply it in the event it becomes necessary. Similarly, Defendants have not shown that applying the New Jersey corporate statute will be outside the Court's comprehension. Thus, this factor is neutral in the analysis.

### 3. **Relationship of Communities to Litigation**

Defendants argue that New Jersey has a greater relationship to the litigation because Harris is located there, and none of the acts alleged in the complaint took place in Illinois. Defendants' first argument is wholly unpersuasive, because the same argument can be made with regard to Illinois, as both Plaintiffs are Illinois residents. *See Tranzact Techs., Inc. v. 1Source Worldsite*, No. 01 C 2002, 2002 WL 122515, at *6 (N.D. Ill. Jan. 30, 2002) ("Illinois has a strong interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors."). The second argument has already been addressed in relation to the private factors analysis.

In sum, the only factor weighing in favor of transfer is the situs of material events. However, that factor alone is not sufficient to find that transfer to the District of New Jersey would be clearly more convenient. Indeed, in weighing all the relevant factors, it appears that a transfer would merely shift Defendants' inconvenience to Plaintiffs and would not be in the interest of justice: "[W]hen the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff . . . ." *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 665 (7th Cir. 2003) (noting that transfer may be denied even if the balance of factors tips somewhat in favor of transfer). Defendants have therefore failed to meet their burden of demonstrating that transfer is warranted under § 1404(a).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey [doc. no. 8-1] is denied.

**SO ORDERED.**  ENTERED: 7/15/04

HON. RONALD A. GUZMAN
**United States Judge**